-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAZARO MONTERO COLLADO,

        Plaintiff,

        -v-

JUANITA CANCEL,

        Defendants.

---

DECISION AND ORDER
10-CV-0817F

FILED JAN 30 2012

        Plaintiff, Lazaro Montero Collardo, a federal inmate in custody of the United States Bureau of Prisons who is currently incarcerated at the FCI-Estill in Estill, South Carolina, initially brought this action in the United States District Court for the District of South Carolina, alleging that defendant Juanita Cancel failed to pay him a monthly fee of $1,000 for the privilege of running plaintiff's restaurant, "Hispanic Take Out," located in Rochester, New York, while plaintiff was incarcerated. Plaintiff alleged that defendant was an employee of Hispanic Take Out and agreed on or about June 17, 2006, to run the restaurant and pay plaintiff $1,000 per month for running the restaurant. Plaintiff claimed that defendant has never made a single $1,000 payment and also holds $2,815 of plaintiff's money that was delivered to defendant when the $5,000 bond that plaintiff had posted was revoked. As of the date of filing the complaint, plaintiff alleged that defendant owed him a total of $48,000 plus his initial investment in the restaurant of $25,000.

        The District of South Carolina, transferred the action to this District on the basis that while there was diversity of citizenship between the parties, plaintiff being a citizen of the Dominican Republic illegally in the United States, and defendant being a resident of the

State of New York, the court lacked personal jurisdiction over defendant. Upon transfer of the action to this District, the Court directed plaintiff to file a Prison Authorization, pursuant to 28 U.S.C. § 1915(b)(1)-(4) (Docket No. 17), which he did (Docket No. 18), granted plaintiff permission to proceed in forma pauperis and ordered plaintiff to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction-- i.e., plaintiff had not alleged that the amount in controversy was in excess of $75,000. (Docket No. 19, Decision and Order.) See McGinty v. New York, 251 F.3d 84, 90 (2d Cir.2001) (While a district court may dismiss a case sua sponte for lack of subject matter jurisdiction, generally a court must provide "adversely affected party with notice and an opportunity to be heard.") (citation omitted)).

Plaintiff filed an amended complaint in which he alleges that the amount in controversy for the alleged breach of an oral contract and conversion of the initial bond monies is in excess of $75,000. (Docket No. 20.) See Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 397 (2d Cir. 2003) (The "burden [on plaintiff] is hardly onerous, . . .for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."). Accordingly, the Court will direct the Clerk of the Court to cause the United States Marshals Service to serve the summons and amended complaint upon defendant.[1]

---

[1] In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); see also McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal

The Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, this Order and the prior order directing plaintiff to show cause (Docket No. 19) upon the named defendant without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor. Plaintiff's motions for a scheduling order and issuance of a summons are denied. (Docket No. 21-22.)

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the amended complaint.

SO ORDERED.

Dated: JAN. 24, 2012
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

quotations omitted)).