UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAZARO MONTERO COLLADO,

    Plaintiff,

    -v-

JUANITA CANCEL,

    Defendants.

**DECISION AND ORDER**
10-CV-0817F

---

    Plaintiff, Lazaro Montero Collado, who filed this pro se action while a federal prisoner, alleges that the defendant breached an agreement with him to operate his restaurant in Rochester, New York while he was incarcerated in exchange for $1,000 per month. Plaintiff has filed a motion for a default judgment and to expedite these proceedings. (Docket Nos. 24, 25.) Plaintiff's motion to expedite the proceedings notes that his sentence was to expire on August 2, 2012, and that upon the expiration of his sentence he would be taken into custody by immigration officials to be deported to the Dominican Republic. Plaintiff forwarded a letter to the Court, dated July 28, 2012, providing an address at which papers can be served upon him while he is in "transit" pending removal.

    After review of plaintiff's complaint, which was transferred here from the District of South Carolina, the Court directed plaintiff to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. (Docket No. 19.) Upon plaintiff's filing of an amended complaint in response to the order to

show cause, the Court on January 30, 2012, directed the United States Marshals Service to serve the summons and complaint upon defendant pursuant to 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3).[1] (Docket No. 23.) Based on a review of the file and docket report, however, it appears that plaintiff never prepared and forwarded to the Court a summons and U.S. Marshal Process Receipt and Return Form (USM-285) for service upon defendant, without which the Clerk of the Court cannot issue a summons and cause the Marshals Service to serve the summons and amended complaint upon defendant.

Because there is no evidence that defendant was served with the summons and amended complaint and because entry of default pursuant to Fed.R.Civ.P. 55(a) has not occurred, plaintiff's motion for a default judgment (Docket No. 24) must be denied. Rule 55(a) provides in pertinent part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." An entry of default is a prerequisite to entry of a default judgment pursuant to Rule 55(b). See Dow Chem. Pacific Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 335 (2d Cir. 1986); Hircsh v. Innovation Intern., Inc., 1992 WL 316143, *1 (S.D.N.Y. Oct. 19, 1992).

---

[1] See, e.g., McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

Moreover, plaintiff's motion to expedite the proceedings must also be denied because there is no express or implied right under the Federal Rules of Civil Procedure for a party to seek expedition of a civil action. While the Court understands the urgency plaintiff feels due to his pending removal, this does not entitle him to expedition of these proceedings. Upon receipt of a summons from plaintiff, which must include a current address of defendant, the Clerk of the Court will forward it to the Marshals Service for service. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motions for a default judgment (Docket No. 24) and to expedite the proceedings (Docket No. 25) are denied;

FURTHER, that the Clerk of the Court shall forward to plaintiff its Form Notice directing plaintiff to complete and return a completed summons and Marshal Form (USM-285) and a blank summons and Marshal Form for plaintiff to complete and return; and

FURTHER, the Clerk of the Court is directed to serve the summons and amended complaint, and the Order filed January 30, 2012 (Docket No. 23), upon plaintiff without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: _Oct. 18_, 2012